OPINION OF THE COURT
Sol R. Dunkin, J.
In this in rem tax foreclosure proceeding, the City of New York moves for summary judgment. The respondent property owner cross-moves for leave to verify its answer and to consolidate this proceeding with another foreclosure proceeding.
The first branch of the cross motion for leave to verify the answer is granted. The second branch to consolidate is denied. Copies of the pleadings in the second proceeding have not been provided to the court and, thus, it is impossible to determine whether the issues are identical.
The respondent does not dispute the fact that it is in arrears in the payment of real estate taxes for more than one year. Respondent does not plead as a defense that it is not delinquent in taxes or that the property is exempt. (Administrative Code of the City of New York, § D17-9.0, subd b.) Under the circumstances, the city has made out a *1082 prima facie case, entitling it to judgment. (Administrative Code, § D17-12.0, subd b.)
Respondent’s claim in its answer that it is entitled to a setoff is without merit. Assuming, without deciding, that a proper claim for moneys lies against the city, it may not be raised in this proceeding since the statute specifically prohibits counterclaims. (Administrative Code, § D17-9.0, subd d [relettered subd c by Local Laws, 1982, No. 15 of City of New York].)
Respondent contends that the instant proceeding constitutes a taking without just compensation in violation of its constitutional rights. Respondent has alleged that the instant property has a value substantially in excess of the tax lien and. that the taking will not permit it to recoup that excess. Respondent offers no evidence of the value of the realty and, therefore, the defense is without merit. Even if the evidence were presented, the result would be the same.
Unquestionably, a taking of property of a value far in excess of a tax lien in satisfaction of the lien would constitute a violation of constitutional rights. (Nelson v New York City, 352 US 103; see United States v Lawton, 110 US 146.) Former provisions of the Administrative Code permitted an owner to allege substantial excess value and required the city to sell the realty and return such excess value. That statute was held to be in conformity with the Constitution. (Nelson v New York City, supra.) That provision of the Administrative Code was repealed in 1976. (L 1975, ch 823.) The Administrative Code now provides that where substantial excess value is alleged, the owner is entitled to a six-month delay in the foreclosure proceeding to permit him to sell the property, satisfy the lien and thus recoup the excess value. (Administrative Code, § D17-9.0, subd e [relettered subd d by Local Laws, 1982, No. 15 of City of New York].) This statutory change does not constitute a deprivation of constitutional rights. The Constitution does not mandate that the city sell the property and recoup the surplus on behalf of the respondent; it merely mandates that respondent not be deprived of the surplus without an opportunity to recoup it. (Nelson v New York City, supra, p 110.) Thus, the statutory change does not *1083 violate respondent’s constitutional right. (Matter of City of New York, NYLJ, July 14-15, 1977, p 15, col 5.)
Accordingly, the city’s motion for summary judgment is granted.
(April 7, 1983)
The court, on its own motion, amends its decision dated March 25, 1983 to correct an oversight. The first sentence of the second paragraph on page 2 is hereby amended to read as follows: “Unquestionably, a taking of property of a value far in excess of a tax lien in satisfaction of the lien without affording the owner an opportunity to recover the excess value would constitute a violation of constitutional rights.”